Davis Miles
McGuire Gardner
320 N. Leroux Street, Suite A
Flagstaff, AZ 86001
Telephone: (928) 779-1173
Fax: (877) 715-7366
efile.dockets@davismiles.com

Pernell W. McGuire (SBN: 015909)
pmcguire@davismiles.com
Aubrey L. Thomas (SBN: 029446)
athomas@davismiles.com
Attorneys for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| In re: | Case No. 3:13-bk-16930-RJH |
|---|---|
| CHRISTIAN DOWNUM, | A Proceeding Under Chapter 13 |
| Debtor. | STIPULATION AND AGREEMENT RESOLVING OBJECTION TO CHAPTER 13 PLAN, MOTION TO DISMISS, DEBTOR'S MOTION TO APPROVE LIST OF ITEMS FOR SALE AND METHOD OF SALE, AND TREATMENT OF CERTAIN PROOFS OF CLAIM |

Debtor Christian Downum ("Debtor") and Denise Downum ("Denise"), hereby stipulate and agree as follows:

I. RECITALS

1. Debtor commenced this Chapter 13 proceeding on September 27, 2013.

2. On November 18, 2013, Denise objected to Debtor's Chapter 13 Plan.

1

3. On February 4, 2014, Denise filed Proof of Claim No. 8 ("Claim 8") and Proof of Claim No. 9 ("Claim 9").

4. On February 8, 2014, Denise filed, on behalf of certain creditors, Proof of Claim No. 10 ("Claim 10"), Proof of Claim No. 11 ("Claim 11"), Proof of Claim No. 12 ("Claim 12"), and Proof of Claim No. 13 ("Claim 13").

5. On April 14, 2014, Denise moved to dismiss Debtor's case for bad faith.

6. On April 21, 2014, Debtor moved for this Court's approval of the list of items to be sold to fund, in part, Debtor's plan and for approval of the method of sale.

7. The parties enter into this Stipulation to resolve the Objection to Debtor's Plan, the Motion to Dismiss, all potential objections Debtor has to Claims 8-13, and Debtor's Motion to Approval List of Items for Sale and Method of Sale.

8. Denise enters into this Agreement with the express understanding that any and all community property that is not included in Exhibit A to Debtor's Motion to Approve List of Items for Sale and Method of Sale shall be re-vested in Debtor and Denise for distribution in the Family Court matter after confirmation of Debtor's Plan and that Debtor will provide this Court with an appropriate Order that lifts the automatic stay to allow the Family Court to finalize the divorce proceeding, including a division of all property.

9. Denise further enters into this Agreement based upon Debtor's avowals made in this Court that the items listed in Debtor's Inventory of Personal Property in Family Residence at 1807 W. University Heights Drive South (Docket #55, Exhibit A) is complete

2

and is a reasonable assessment of the fair market value of all items listed.

## II. AGREEMENT

The parties hereby stipulate and agree as follows:

1.  The recitals set out above are material and incorporated herein by reference.

2.  The Objection to Debtor's Plan is withdrawn. Denise agrees to not object to any amended or modified plan that Debtor may file in the future as long as the amended/modified plan is consistent with the terms of this Stipulation.

3.  The Motion to Dismiss (docket #66) is withdrawn, and Denise agrees to not refile a motion to dismiss on the grounds stated therein at any time in the future.

4.  Claim 9 and Claim 13 are withdrawn, and no payment shall be made on account of those claims through Debtor's Plan.

5.  Claim 8 for $1,183.00 is a valid claim and is a sole and separate debt of Debtor.

6.  Claim 10 is hereby amended to provide that Bank of America has a valid community claim in the amount of $11,428.21.

7.  Claim 11 is hereby amended to provide that Bank of America has a valid community claim in the amount of $18,490.09.

8.  Claim 12 is hereby amended to provide that Capital One has a valid community claim in the amount of $4,750.00 and a valid claim of $8,020.00 that is Debtor's sole and separate obligation.

3

9. Proof of Claim No. 2 is a valid claim, of which $6,494.00 is a community claim and $642.44 is Debtor's sole and separate obligation.

10. Proof of Claim No. 3 is a valid claim, of which $13,450.19 is a community claim and $179.18 is Debtor's sole and separate obligation.

11. Proof of Claim No. 4 is a valid claim and the full balance due is a community claim.

12. Proof of Claim No. 5 is a valid claim and the full balance due is Debtor's sole and separate obligation.

13. Proof of Claim No. 6 is a valid claim and the full balance due is Debtor's sole and separate obligation.

14. Debtor's attorneys' fees in connection with this bankruptcy case are his sole and separate obligation.

15. The Trustee's fee in connection with Debtor's plan shall be treated as a community claim up to $2,750.00. Any additional trustee's fees shall be Debtor's sole and separate obligation.

16. As part of Debtor's Plan, only community claims shall be paid through the sale of community assets.

17. Debtor shall pay his sole and separate obligations through his monthly plan payments and, if necessary, through the sale of certain sole and separate property.

18. Debtor shall take possession of that portion of the military collection and

4

firearms currently being stored at the marital residence that are listed in the Motion to Approve List of Items for Sale and Method of Sale Exhibit A filed in this Court on April 21, 2014 as well as his sole and separate property as set out in his inventory (docket #55). Debtor shall secure a suitable storage unit to house the military collection and firearms and will insure the items to their full value as set out in Debtor's inventory (docket # 55). Debtor will do so at his own expense. Denise shall have the right to have access to the storage unit upon giving three (3) days' written notice to Debtor and his family law attorney.

19. Debtor agrees that he shall not sell any of the community portion of the military collection other than that which is necessary to effectuate the Plan as described herein and in his Motion to Approve List of Items for Sale and Method of Sale (docket #55) without further orders of the Family Court. Denise shall be provided a copy of the monthly reports filed with this Court that are described in The Motion to Approve List of Items for Sale and Method of Sale as well as the status of all community claims paid pursuant to the Plan.

20. Debtor agrees that in the event of his death prior to the receipt of his discharge in bankruptcy, all community property remaining in the collection that has been designated for the payment of community debts through this Plan shall revert to Denise, and not to any third party unless upon judgment or further order of this or any other court of competent jurisdiction. This provision does not prohibit Debtor from executing a will or other testamentary document that would devise his sole and separate property and any other

5

property that is awarded to him by the Family Court.

21. Each party shall be responsible for payment of their own attorneys' fees and costs in this matter. Both parties waive the right to seek reimbursement in Family Court of their attorneys' fees and costs expended in this matter and further agree that they shall not argue in State Court that either of their actions in connection with this case has caused unreasonable or unnecessary delay of the Family Court matter in any request for attorney's fees made by either party therein.

22. This agreement is intended to resolve all disputes between the parties in connection with this bankruptcy matter. The parties hereby waive any and all arguments, claims, or actions against each other related to this Bankruptcy proceeding except to the extent necessary to enforce the terms of this Stipulation.

23. This Stipulation is subject to Bankruptcy Court approval.

24. If Debtor's case is converted or dismissed, this Stipulation shall become null and void except that, the terms of this Stipulation that set forth the community debt and the sole and separate debt of Debtor shall survive any voluntary or involuntary dismissal or conversion of this case and may be enforced in any State Court by either party to the extent allowed by law.

SO STIPULATED this 6th day of June 2014.

_____
Debtor, Christian Eric Downum

property that is awarded to him by the Family Court.

21. Each party shall be responsible for payment of their own attorneys' fees and costs in this matter. Both parties waive the right to seek reimbursement in Family Court of their attorneys' fees and costs expended in this matter and further agree that they shall not argue in State Court that either of their actions in connection with this case has caused unreasonable or unnecessary delay of the Family Court matter in any request for attorney's fees made by either party therein.

22. This agreement is intended to resolve all disputes between the parties in connection with this bankruptcy matter. The parties hereby waive any and all arguments, claims, or actions against each other related to this Bankruptcy proceeding except to the extent necessary to enforce the terms of this Stipulation.

23. This Stipulation is subject to Bankruptcy Court approval.

24. If Debtor's case is converted or dismissed, this Stipulation shall become null and void except that, the terms of this Stipulation that set forth the community debt and the sole and separate debt of Debtor shall survive any voluntary or involuntary dismissal or conversion of this case and may be enforced in any State Court by either party to the extent allowed by law.

SO STIPULATED this 6th day of June 2014.

_____
Debtor, Christian Eric Downum

6

Case 3:13-bk-16930-DPC    Doc 74    Filed 06/09/14    Entered 06/09/14 13:16:40    Desc
Main Document    Page 7 of 9

DAVIS MILES McGUIRE GARDNER, PLLC

Approved as to form    By:   /s/Aubrey L. Thomas
Pernell W. McGuire
Aubrey L. Thomas
Attorneys for Debtors

SO STIPULATED this _9th_ day of June 2014.

_Denise Elaine Shay Downum_
Denise Elaine Shay Downum

Approved as to form By:  /s/ _Wendy White_
Wendy White
Attorney for Denise Downum

7

A copy of the foregoing was mailed
this ____ day of June 2014 to:

Edward J. Maney
101 N. First Ave., Suite 1775
Phoenix, AZ 85003

Wendy F. White
1080 Mountainaire Rd.
Flagstaff, AZ 86005
Counsel for Denise Downum

By: /s/ Kristin Lienhard
    Kristin Lienhard