

Denise Elaine Shay Downum, Party in Interest, Creditor/Co-Debtor
1807 W. University Heights Drive S.
Flagstaff, AZ 86005-9131
(928)773-0152
Email: Desd2000@aol.com



**FILED**

APR 0 1 2015

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| In re:<br><br>CHRISTIAN ERIC DOWNUM,<br><br>Debtor. | Chapter 13<br><br>DPC  KH<br>Case No.: 3:13-bk-16930-~~RJH~~ |
|---|---|
| DENISE E.S. DOWNUM,<br><br>          Movant<br><br>v.<br><br>CHRISTIAN DOWNUM,<br><br>          Respondent. | OBJECTION TO ATTORNEY'S FEES; REQUEST FOR CLARIFICATION OF STIPULATED ORDER FOR STATE COURT |

Interested Party, DENISE ELAINE SHAY DOWNUM, in proper person, hereby objects to the Affidavit of Attorney's Fees of Debtor's attorney, Aubrey Thomas, on the following bases:

1. Debtor is currently being given access to the property at issue in his Motion to Compel in accordance with this Court's Order of March 18, 2015.
2. Debtor's attorney's fees are excessive for the limited amount of work performed on this matter.
3. Debtor's attorney's fees total the approximate amount that Debtor owes to Denise Downum under the Settlement Agreement and his plan, (because of her payment of monthly credit card payments which the Family Court had previously ordered Debtor to pay during the two months prior to the filing of his bankruptcy petition).

4. Debtor's attorney has Denise Downum's financial information, and knows that the payment of fees would result in hardship to her because of her current poverty.
5. Debtor's attorney, Ms. Thomas, has threatened Denise Downum with motions for sanctions throughout this proceeding. She has threatened Ms. Downum's counsel with sanctions against her personally, to great effect. This posture suggests that no one has a right to bring any claims to this Court which in any way interfere or complicate Ms. Thomas' client's bankruptcy, regardless of the validity of those claims. It is a tactic designed to have a chilling effect on the bringing of valid claims to this Court.
6. Denise Downum should not be punished by an award of attorney's fees when she has violated no procedural law nor committed any act for which she should be sanctioned by the Court. Ms. Downum has not brought her Objections, her Motions to Dismiss for Cause (Bad Faith) and her Motion to Void the Settlement Agreement in order to cause vexation, delay, for vengeance or for any other improper purpose. Ms. Downum should not be punished by this Court for bringing her valid claims to the Court for adjudication.
7. Denise Downum has no other court of recourse for the consideration of her valid claims. It is to this Court alone that Ms. Downum must turn. This Court has great interest in a debtor's bad faith in the filing of his plan, and must give priority to payment of domestic obligations by a debtor. Ms. Downum is a citizen of the United States and has a right to come to this Court under the United States Bankruptcy Code. Ms. Downum is a party in interest as a non-filing spouse, a domestic support order obligee, a creditor, a co-debtor on the community credit card debts and co-owner of the community property under this action. She has a constitutional right to the equal protection of the law. She deserves careful consideration of her claims by this Court, and not to be swatted away like an annoying fly by Ms. Thomas.
8. (That Debtor's actions may well lead to the loss of the family home of Denise Downum and the couple's two children make this matter of grave concern to her. This Court's statement that, "(r)ecognizing the current financial limitations of the parties, the State Court wisely advised the parties to sell the Residence in the near future", ignores Denise Downum's allegations that the State Court's understanding

of Debtor's financial limitations was derived from Debtor's fraudulent testimony to that court. Ms. Downum respectfully questions the wisdom of the forced loss of Debtor's family's home when neither the bankruptcy plan nor the divorce action require it -- There is little equity in the home, if there is any. Debtor has identified $147,000 in community property in the military collection, while the community credit card debt totals only $55,000.)

9. Contrary to this Court's understanding, Denise Downum did not deny access to Debtor of the approved property for sale when Debtor filed his Petition for Modification of Spousal Maintenance on October 31, 2014. Denise Downum intended to give access, according to the terms of the Settlement Agreement and Stipulated Order right up until the point at which Debtor misrepresented and breached the Agreement at an evidentiary hearing on his petition in Family Court on February 3, 2015.

10. Debtor carefully did not even seek access to the property from Ms. Downum until *after* the evidentiary hearing in Family Court on February 3, 2015. Ms. Downum's delay in giving access has not caused Debtor any material loss.

11. Following the February 3 hearing, Denise Downum notified Debtor's attorney, Ms. Thomas, of Debtor's bad faith misrepresentations and his breach of the settlement agreement and Order in the Family Court. Fearing the Family Court was misled into reducing her spousal maintenance, Ms. Downum requested that Debtor clarify to the Family Court by stipulation the actual terms of his bankruptcy plan, prior to her release of some $81,000 of plan community property (the lion's share of the couple's greatest asset). Ms. Downum requested a delay in the release of the property until the Family Court had ruled.

12. Ms. Thomas refused to make any corrections by stipulation to the Family Court and threatened her now successful Motion to Compel, which she brought prior to the Family Court's Order of February 27 which drastically reduced Ms. Downum's spousal maintenance.

13. Ms. Thomas' position was and is that the Settlement Agreement gives Denise Downum no remedy for Debtor's breach and threatened nullification of the Settlement Agreement, even if true, except to enforce the Settlement Agreement. If

her position is correct, the contract was illusory and devoid of any consideration for Denise Downum in the settlement of her prior Motion to Dismiss for Bad Faith and her Objections. This Court suggests in its March 18 Order that Denise Downum is bound by the terms of the Settlement Agreement but Debtor Christian Downum is not. Ms. Downum seeks a clarification from this Court as to her rights under the Court's December 16, 2014 Order in the event of Debtor's nullification of the Settlement Agreement by conversion to Chapter 7 bankruptcy.

14. This Court ordered Denise Downum to lodge a new Motion to Dismiss Debtor's Plan for Cause (Bad Faith) in the hearing on March 13, 2015, if she had factual bases for bad faith. She has done so prior to receiving the Court's March 18 Order. Now the Court's Order states that she may not re-hash her old allegations of bad faith, as she settled those with the Settlement Agreement. Yet, Ms. Downum's point is that Debtor has violated the Settlement Agreement in bad faith, so he should not be able to enforce it against her, and that the Court should review the entire history of his bad faith use of his Plan.

15. Denise Downum now fears that she will be liable for Debtor's attorney's fees for a hearing on her Motion to Dismiss for Bad Faith, despite her honest assertion of her claims.

16. Denise Downum has made a prima facie showing of bad faith in the bankruptcy plan and the use of the plan by her estranged husband, Debtor Christian Downum. She has presented evidence to Ms. Thomas and this Court that Debtor misrepresented his bankruptcy plan in State Family Court by claiming that his monthly payments from income were for the repayment of community debts, when they are for repayment of his sole and separate debt and the community debt is being repaid from the sale of *community* property. Debtor also misrepresented to the Family Court that he might be "required" to convert his Chapter 13 bankruptcy plan to a Chapter 7 bankruptcy plan, if the Family Court did not reduce the amount of spousal maintenance he was ordered to pay to Ms. Downum, as if this Court would *require* the conversion. He misrepresented to the Family Court that Ms. Downum would be in a more dire financial circumstance if he did convert, than she would be if the Family Court drastically reduced her spousal maintenance.

17. This threat of conversion was made by Debtor despite the fact that this Court had already ordered that all the property in the bankruptcy estate, apart from the list of property approved for sale in the plan, had been re-vested in Debtor and Ms. Downum for division by the Family Court, in the Stipulated Order Approving First Amended Chapter 13 Plan and Application for Payment of Administrative Expenses, of December 16, 2014. (Doc 97) These misrepresentations were for the sole purpose of convincing the Family Court to reduce Ms. Downum's spousal maintenance. Ms. Downum has been greatly harmed by these misrepresentations and has suffered damages therefrom.

18. Denise Downum has presented a prima facie case to Ms. Thomas and this Court that Debtor violated and breached the express terms of the stipulated settlement agreement upon which this Court based its December 16, 2014 Order. Debtor violated the express term that neither party would seek reimbursement in Family Court of their fees expended in this Court. Debtor's threat that he might convert his Chapter 13 bankruptcy plan to a Chapter 7 bankruptcy plan is a threat to nullify and void the settlement agreement upon which the Order is based, by the express terms of the settlement agreement.

19. It has worked to Debtor's benefit to confuse this Court and the Family Court as to the stipulated terms of his plan. This Court stated in its Order of March 18, 2015, at page 5, line 24:

....(T)he parties' unsecured community debts were to be satisfied from the proceeds generated by Debtor's sale of the Military Memorabilia. The repayment of these claims is particularly important to Ms. Downum because most or all of the unsecured community liability appears to be the sole and separate liability of Ms. Downum.

Contrary to this Court's understanding, Debtor's plan does *not* repay any sole and separate debt of Denise Downum, to her benefit. The sole and separate debt to be repaid under his plan is Debtor's own sole and separate debt. The parties negotiated this at length. Arizona Law holds that either spouse may bind the community with his or her expenditures; a credit account in that spouse's name only, is still a community debt. Ms. Downum requested that Ms. Thomas correct the Court's misunderstanding as to this portion of Debtor's plan in an email dated March 27:

As to the bankruptcy judge's order, I ask that you correct his misunderstanding that Chris' bankruptcy plan is paying off my sole and separate debt. He does not understand the plan and you have a responsibility to correct his misunderstanding.

Ms. Thomas refused and replied:

I don't think Judge Collins' order asserts that Chris is paying your sole and separate debts. Any community debt that is paid would also relieve you of any separate liability for that debt. I don't think that I have made any representations about your sole and separate liabilities; my focus has been making sure that Chris follows through with the payments set forth in the plan. I don't think there is anything for me to correct at this time.

Ms. Thomas is not acting in good faith. She should not be rewarded with an award of attorney's fees.

20. Denise Downum requests that this Court clarify the meaning of the Stipulated Order of December 16, 2014 for the State Family Court's understanding of its jurisdiction. This Court's Stipulated Order Approving First Amended Chapter 13 Plan and Application for Payment of Administrative Expenses of December 16, 2014 states:

> **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the bankruptcy estate shall be determined as of the date of this Order. All property of the bankruptcy estate vests in Debtor and his non-filing spouse, Denise Downum, herewith, except for the property identified in the First Amended Plan, specifically, the property that is subject to sale pursuant to the Motion to Approve List of Items for Sale and Method of Sale (docket #68), in accordance with the settlement agreement (docket#74) and the Order granting the Motion to Approve List of Items for Sale and Method of Sale (docket #88). The automatic stay is hereby lifted as to all property that vests in Debtor and his non-filing spouse, Denise Downum.

Ms. Downum has advised the Family Court that December 16, 2014 Order lifted the automatic stay of its jurisdiction, and the Family Court intends to try the property and debt issues in late April and enter a decree of dissolution. Unfortunately, the jurisdiction of the Family Court now seems to be uncertain.

Debtor's attorney's statement that Debtor has no obligation to pay the mortgage is a complete contradiction to the Family Court's jurisdiction and order that "both parties are legally liable for such obligation". Debtor had stated in his proposed plan

that *he* would "pay the mortgages outside of the bankruptcy". In so stating, Debtor removed the two mortgages on the marital residence from the bankruptcy estate, in Ms. Downum's understanding. Ms. Downum requests clarification from this Court as to whether or not the mortgages were ever part of the bankruptcy debt and whether they remain under this Court's jurisdiction.

Also, Ms. Thomas stated to Ms. Downum in a phone conversation on March 12, 2015 that Debtor could in the future convert to a Chapter 7 bankruptcy plan and all of the community's property would again be subject to this Court's jurisdiction, despite Ms. Downum's understanding that her settlement meant that the property not listed in Debtor's Approved List of Property for Sale had *already* been returned to the Family Court's jurisdiction for equitable division in December 2014. (Ms. Thomas had negotiated the Settlement Stipulation and Agreement with Denise Downum's counsel with the express understanding that the remainder of the property and debt would be divided by the Family Court, as is evidenced by emails between the two.)

This Court has stated in its March 18 Order that Debtor had a right to warn of a possible conversion to Chapter 7 in the future. Ms. Downum is at a loss to understand how Debtor can argue that any conversion of his plan to Chapter 7 in the future would bind her and all property and debt already returned to the jurisdiction of the State Family Court. If Debtor can now convert his plan to Chapter 7 and take all community property within the marital home for liquidation, and also deny any legal obligation to pay the mortgages on the marital home, it appears the Family Court has no jurisdiction over the non-plan property and mortgage debt. Denise Downum requests clarification from this Court as to the State Family Court's jurisdiction over the community property and debts not enumerated in Debtor's Plan.

///
///
///

WHEREFORE, Party in Interest Denise Downum respectfully requests that this Court enter an Order:

1) Denying Debtor's request for attorney's fees, and
2) Clarifying for the Arizona State Family Court the extent of its jurisdiction over the parties' community property and debt following the December 16, 2014 Stipulated Order signed by Judge Wanslee.

Dated: March 29, 2015.

*Denise Elaine Shay Downum* (signature)
Denise Elaine Shay Downum

Copies of this Motion to Dismiss have been served on the following by deposit in the United States Mail this 29th day of March, 2015:

Debtor's Attorney:

Aubrey Laine Thomas
Davis Miles McGuire Gardner, PLLC
320 N. Leroux Street, Suite A
Flagstaff, AZ 86001

United States Bankruptcy Trustee:
Edward J. Maney
101 N. First Ave., Suite 1775
Phoenix, AZ 85003