# TIFFANY & BOSCO
### P.A.

**SEVENTH FLOOR CAMELBACK ESPLANADE II**
**2525 EAST CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant
ljm@tblaw.com

13-08037

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:<br><br>Christian Eric Downum<br><br>Debtor.<br><br>JPMorgan Chase Bank, National Association, successor in interest by purchase from the Federal Deposit Insurance Corporation as Receiver of Washington Mutual Bank F/K/A Washington Mutual Bank, FA<br><br>        Movant,<br>vs.<br><br>Christian Eric Downum, Debtor; Edward J. Maney, Trustee.<br><br>        Respondents. | No. 3:13-bk-16930-DPC<br><br>Chapter 13<br><br>**MOVANT'S MOTION TO LIFT THE AUTOMATIC BANKRUPTCY STAY**<br><br>RE: Real Property Located at<br>1807 W. University Heights<br>Flagstaff, AZ 86001 |

Movant hereby requests an order granting relief from the automatic stay of 11 U.S.C. 362(a), and to permit Movant to foreclose the lien of its Deed of Trust on real property owned by Debtor, by trustee's sale, judicial foreclosure proceedings or the exercise of the power of sale, and

to obtain possession and control of the real property. Movant further requests that such relief order waive the requirement for Movant to comply with Federal Rules of Bankruptcy Procedure 3002.1 with respect to the Movant's claim(s).

Certain facts and circumstances in support of this Motion are set forth in the two Declarations in Support of Motion for Relief from Automatic Stay filed contemporaneously herewith.

This motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

DATED this 3rd day of June, 2016.

Respectfully submitted,
TIFFANY & BOSCO, P.A.


BY /s/ LJM #014228
    Mark S. Bosco
    Leonard J. McDonald
    Attorney for Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Christian Eric Downum filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code. Edward J. Maney was appointed Trustee of the bankruptcy estate.

2. Debtor has an interest in that certain real property located in Coconino County, Arizona, more particularly described as:

LT: 221 SD: UNIVERSITY HIGHLANDS UNIT 4 CASE 5 MAP 41-41B, COUNTY OF COCONINO, AZ

3. Debtor Christian Eric Downum and Denise Elaine Shay Downum executed a Home Equity Line of Credit ("Note") dated June 8, 2005, secured by a Deed of Trust, dated June 10, 2005, recorded in the office of the Coconino County Recorder's Office. True copies of the Note and Deed of Trust are annexed as Exhibits "A" and "B", respectively, and made a part hereof by this reference. Further, Movant is the assignee of the Deed of Trust. The Official Certificate of Merger is annexed as Exhibit "C".

4. By virtue of the Note and Deed of Trust, Movant has a secured interest in the property described herein and a secured claim against Debtor. Movant may seek leave of Court to specify any further encumbrances against the Property at the time of the Preliminary and/ or Final Hearing hereon.

5. JPMorgan Chase Bank, N.A., services the loan on the property referenced in this Motion for Relief. In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of JPMorgan Chase Bank, National Association, successor in interest by purchase from the Federal Deposit Insurance Corporation as Receiver of Washington Mutual Bank F/K/A Washington Mutual Bank, FA. Said entity, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to said entity or has been duly endorsed.

6. As of April 7, 2016, the Debtor is in default on the obligation to Movant for which the property is security, and payments are due under the Promissory Note from and after January 15, 2014. Post-petition payments are due as follows:

| | |
|---|---|
| 1 Monthly Payment at $253.90 (January 15, 2014) | $253.90 |
| 1 Monthly Payment at $253.89 (February 15, 2014) | $253.89 |
| 1 Monthly Payment at $229.33 (March 15, 2014) | $229.33 |
| 1 Monthly Payment at $253.89 (April 15, 2014) | $253.89 |
| 1 Monthly Payment at $245.71 (May 15, 2014) | $245.71 |
| 1 Monthly Payment at $253.89 (June 15, 2014) | $253.89 |
| 1 Monthly Payment at $245.70 (July 15, 2014) | $245.70 |
| 1 Monthly Payment at $253.90 (August 15, 2014) | $253.90 |
| 1 Monthly Payment at $253.89 (September 15, 2014) | $253.89 |

| | |
|---|---:|
| 1 Monthly Payment at $245.71 (October 15, 2014) | $245.71 |
| 1 Monthly Payment at $253.89 (November 15, 2014) | $253.89 |
| 1 Monthly Payment at $245.71 (December 15, 2014) | $245.71 |
| 1 Monthly Payment at $253.89 (January 15, 2015) | $253.89 |
| 1 Monthly Payment at $253.90 (February 15, 2015 - February 15, 2015) | $253.90 |
| 1 Monthly Payment at $229.32 (March 15, 2015) | $229.32 |
| 1 Monthly Payment at $237.51 (April 15, 2015) | $237.51 |
| 11 Monthly Payments at $0.00 (May 15, 2015 – March 15, 2016) | $0.00 |
| Suspense Amount | ($196.54) |
| Total | $3,767.49 |

7. Debtor is indebted to JPMorgan Chase Bank, National Association, successor in interest by purchase from the Federal Deposit Insurance Corporation as Receiver of Washington Mutual Bank F/K/A Washington Mutual Bank, FA for the principal balance amount of $91,981.62, plus accruing interest, costs, and attorney's fees (if any).

8. Further, Movant seeks relief for the purpose of foreclosing its Deed of Trust against the Debtor's interest in the real property located at 1807 W. University Heights, Flagstaff, AZ 86001.

9. Pursuant to the Note and Deed of Trust Movant is allowed to request this court to grant reasonable attorney's fees and costs and allowing payment of Movant's attorney's fees and costs pursuant to 11 U.S.C. Section 506(b) which state as follows:

> To the extent that an allowed secured claim is secured by property value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim and any reasonable fees/costs, or charges provided for under the agreement which such claim arose.

10. Movant further requests that such relief order waive the requirement for Movant to comply with Federal Rules of Bankruptcy Procedure 3002.1 with respect to the Movant's claim(s).

## **CONCLUSION**

Movant requests that the court enter an order vacating the automatic stay of 11 U.S.C. Section 362(a) and Movant may immediately enforce and implement the order for relief from the automatic stay as to the Debtor, their bankruptcy estate, the property, and Movant; to allow Movant to foreclose the lien of its Deed of Trust or Mortgage; to evict Debtor and/or successors of Debtor and to obtain ownership, possession and control of the Property.

Movant further requests that any order for relief granted in this case remain in effect in any bankruptcy chapter to which the Debtor may convert.

DATED this 3rd day of June, 2016.

                                          BY /s/ LJM #014228
                                                Mark S. Bosco
                                                Leonard J. McDonald
                                                Seventh Floor Camelback Esplanade II
                                                2525 East Camelback Road
                                                Phoenix, Arizona 85016
                                                Attorneys for Movant