Exhibit "B"



Candace Owens – RECORDER  3329787
OFFICIAL RECORDS OF COCONINO COUNTY  06/30/2005 02:44P
TICOR TITLE CO          M       15.00


3329787
Page: 1 of 6
M

Recording requested by and
when recorded return to:
1111 E. Katella Ave.
Ste 110
Orange, CA 92867
Attn: Ticor Title NLS



# EQUITY LINE OF CREDIT DEED OF TRUST

Loan number: ██████

THIS DEED OF TRUST is between:
CHRISTIAN ERIC DOWNUM AND DENISE ELAINE SHAY DOWNUM

whose mailing address is:
    1807 W UNIVERSITY HTS  FLAGSTAFF, AZ 86001
("Trustor"); _____ Ticor Title NLS _____ , a ___ CALIFORNIA ___
corporation, the mailing address of which is:
    1111 E. Katella Ave. Ste 110 Orange, CA 92867
("Trustee"); and
Washington Mutual Bank, FA, a federal association, which is organized and existing under the laws of the United States of America, and whose address is 400 E. Main Street, Stockton, CA 95290 ("Beneficiary") and its successors or assigns.

   1. **Granting Clause.** For the benefit of Beneficiary, Trustor hereby grants, bargains, sells, transfers and conveys to Trustee in trust, with power of sale, the real property in _____ COCONINO _____ County, Arizona, described below, and all rights and interest in it Trustor ever gets:

LT: 221 SD: UNIVERSITY HIGHLANDS UNIT 4 CASE 5 MAP 41-41B, COUNTY OF COCONINO, AZ

APN: ██████

**ACCOMMODATION ONLY**
THIS INSTRUMENT FILED FOR RECORD BY TICOR TITLE COMPANY IS AN ACCOMMODATION ONLY. IT HAS NOT BEEN EXAMINED AS TO ITS EXECUTION, OR AS TO ITS EFFECTS UPON TITLE.

Tax Parcel Number: _____ together with all insurance proceeds and condemnation proceeds related to it; income, rents and profits from it; all plumbing, lighting, air conditioning and heating apparatus and equipment and other improvements; and all fencing, blinds, drapes, floor coverings, built-in appliances, and other fixtures, at any time installed on or in or used in connection with such real property.

   All of the property described above will be called the "Property." If any of the Property is

4836 (10/28/04) W6.1                         BANK                              Page 1 of 6

personal property, this Deed of Trust is also a Security Agreement which grants Beneficiary, as secured party, a security interest in all such property. Despite any other provision of this Deed of Trust, however, Beneficiary is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such security interest would be prohibited by applicable law. As used herein "State" shall refer to the state of Arizona.

2. **Obligation Secured.** This Deed of Trust is given to secure performance of each promise of Trustor contained herein and in a Home Equity Line of Credit Agreement and Disclosure with Beneficiary of even date herewith with a maximum credit limit of ___$100,000.00___ the ("Credit Agreement"), including any extensions, renewals or modifications thereof, and repayment of all sums borrowed by Trustor under the Credit Agreement, with interest from the date of each advance until paid at the rates provided therein. The Credit Agreement provides for variable and fixed rates of interest. Under the Credit Agreement, the Trustor may borrow, repay and re-borrow from time to time, up to the maximum credit limit stated above, and all such advances shall be secured by the lien of this Deed of Trust. This Deed of Trust also secures payment of certain fees and charges payable by Trustor under the Credit Agreement, certain fees and costs of Beneficiary as provided in Section 9 of this Deed of Trust, and repayment of money advanced by Beneficiary to protect the Property or Beneficiary's interest in the Property, including advances made pursuant to Section 6 below. The Credit Agreement provides that unless sooner repaid, all amounts due under the Credit Agreement are due and payable in full thirty (30) years from the date of this Deed of Trust (the "Maturity Date"). All amounts due under the Credit Agreement and this Deed of Trust are called the "Debt."

3. **Representations of Trustor.** Trustor represents that:
   (a) Trustor is the owner of the Property, which is unencumbered except by: easements, reservations, and restrictions of record not inconsistent with the intended use of the Property and any existing first mortgage or deed of trust given in good faith and for value, the existence of which has been disclosed in writing to Beneficiary; and
   (b) The Property is not presently and will not during the term of this Deed of Trust be used for any agricultural purposes.

4. **Promises of Trustor.** Trustor promises:
   (a) To keep the Property in good repair and not to remove, alter or demolish any of the improvements on the Property, without first obtaining Beneficiary's written consent;
   (b) To allow representatives of Beneficiary to inspect the Property at any reasonable hour, and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the Property;
   (c) To pay on time all lawful taxes and assessments on the Property;
   (d) To perform on time all terms, covenants and conditions of any prior mortgage or deed of trust covering the Property or any part of it and pay all amounts due and owing thereunder in a timely manner;
   (e) To see to it that this Deed of Trust remains a valid lien on the Property superior to all liens except those described in Section 3(a), and to keep the Property free of all encumbrances which may impair Beneficiary's security;
   (f) To keep the improvements on the Property insured by a company satisfactory to Beneficiary against fire and extended coverage perils, and against such other risks as Beneficiary may reasonably require, in an amount equal to the full insurable value of the improvements, and to deliver evidence of such insurance coverage to Beneficiary. Subject to the rights of the holder of any lien described in 3(a), Beneficiary shall be named as the loss payee on all such policies pursuant to a standard lender's loss payable clause. The amount collected under any insurance policy shall be applied to the repair of such improvements, unless doing so would impair Beneficiary's security, in which event such proceeds may be applied upon any indebtedness hereby secured. In the event of judicial foreclosure or sale of the Property pursuant to the Trustee's power of sale, all rights of the Trustor in insurance policies then in force shall pass to the purchaser at the Sheriff's or Trustee's sale.
   (g) To sign all financing statements and other documents that Beneficiary may request from time to time to perfect, protect and continue Beneficiary's security interest in the Property. Trustor irrevocably appoints Beneficiary as Trustor's attorney-in-fact to execute, file and record any financing statements or similar documents in Trustor's name and to execute all documents

necessary to transfer title if there is a default, which appointment is a power coupled with an interest; and

 (h) To advise Beneficiary immediately in writing of any change in Trustor's name, address or employment.

 5. **Sale, Transfer or Further Encumbrance of Property.** Subject to applicable law, the entire Debt shall become immediately due and payable in full upon sale or other transfer of the Property or any interest therein by Trustor by contract of sale or otherwise including, without limit, any further encumbrance of the Property.

 6. **Curing of Defaults.** If Trustor fails to comply with any of the covenants in Section 4, including all the terms of any prior mortgage or deed of trust, Beneficiary may take any action required to comply with any such covenants without waiving any other right or remedy it may have for Trustor's failure to comply. Repayment to Beneficiary of all the money spent by Beneficiary on behalf of Trustor shall be secured by this Deed of Trust; at Beneficiaries option, advance may be made against the Credit Agreement to pay amounts due hereunder; such shall not relieve Beneficiary from liability for failure to fulfill the covenants in Section 4. The amount spent shall bear interest at the rates from time to time applicable under the Credit Agreement and be repayable by Trustor on demand. Although Beneficiary may take action under this paragraph, Beneficiary is not obligated to do so.

 7. **Remedies For Default.**
 (a) Prompt performance under this Deed of Trust is essential If Trustor does not pay any installment of the Debt or other amount due hereunder on time, or any other event occurs that entitles Beneficiary to declare the unpaid balance of the Debt due and payable in full under the Credit Agreement, or if Trustor fails to comply with any other term, condition, obligation or covenant contained in the Credit Agreement or this Deed of Trust or any rider thereto, or any other deed of trust, mortgage, trust indenture or security agreement or other instrument having priority over this Deed of Trust, or if any representation of Trustor herein was false or misleading, the Debt and any other money whose repayment is secured by this Deed of Trust shall immediately become due and payable in full, at the option of Beneficiary, and the total amount owed by Trustor shall thereafter bear interest at the rate(s) stated in the Credit Agreement. Beneficiary may then or thereafter advise Trustee of the default and of Beneficiary's election to have the Property sold pursuant to Trustee's power of sale in accordance with applicable law and deliver to Trustee any documentation as may be required by law. After giving any notices and the time required by applicable law, Trustee shall sell the Property, either in whole or in separate parcels or other part, and in such order as Trustee may choose, at public auction to the highest bidder for cash in lawful money of the United States which will be payable at the time of sale all in accordance with applicable law. Anything in the preceding sentence to the contrary notwithstanding, Beneficiary may apply the Debt towards any bid at any such sale. Trustee may postpone any such sale by providing such notice as may be required by law. Unless prohibited by law, any person, including the Trustor, Beneficiary or Trustee, may purchase at any such sale. Trustee shall apply the proceeds of the sale as follows: (i) to the expenses of the sale, including a reasonable trustee's fee and lawyer's fee; (ii) to the obligations secured by this Deed of Trust; and, (iii) the surplus, if any, shall go to the person(s) legally entitled thereto or to the government or other official authorized by state law to accept such amounts.
 (b) Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser the interest in the Property which Trustor had or had the power to convey at the time of execution of this Deed of Trust and any interest which Trustor subsequently acquired. The Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust. This recital shall be prima facie evidence of such compliance and conclusive evidence of such compliance in favor of bona fide purchasers and encumbrancers for value.
 (c) To the extent permitted by law the power of sale conferred by this Deed of Trust is not an exclusive remedy. In connection with any portion of the Property which is personal property, Beneficiary shall further be entitled to exercise the rights of a secured party under the Uniform Commercial Code as then in effect in the state of Arizona.
 (d) By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so

3329787
Page: 3 of 6
Case 3:13-bk-16930-DPC   Doc 168-2   Filed 06/03/16   Entered 06/03/16 15:01:07
Desc Exhibit B DOT   Page 3 of 6

secured or to declare default for failure to so pay.

8. **Condemnation; Eminent Domain.** In the event any portion of the Property is taken or damaged in an eminent domain proceeding, the entire amount of the award, or such portion as may be necessary to fully satisfy the Debt, shall, except as required by applicable law, be paid to the Debt.

9. **Fees and Costs.** Trustor shall pay Beneficiary's and Trustee's reasonable cost of searching records, other reasonable expenses as allowed by law, and reasonable attorney's fees, in any lawsuit or other proceeding to judicially foreclose this Deed of Trust; in any lawsuit or proceeding which Beneficiary or Trustee prosecutes or defends to protect the lien of this Deed of Trust; and in any other action taken by Beneficiary to collect the Debt, including without limitation any disposition of the Property under the State Uniform Commercial Code; and, any action taken in bankruptcy proceedings as well as any appellate proceedings.

10. **Reconveyance.** Trustee shall reconvey the Property to the person entitled thereto, on written request of Beneficiary, or following satisfaction of the obligations secured hereby and Beneficiary and Trustee shall be entitled to charge Trustor a reconveyance fee together with fees for the recordation of the reconveyance documents unless prohibited by applicable law. If your Credit Line is canceled or terminated, subject to applicable law, we may delay the cancellation or reconveyance of your security instrument for a reasonable period of time to enable us to post to your Credit Line Account any advances that you have received.

11. **Trustee; Successor Trustee.** Beneficiary may, unless prohibited by law, appoint a successor Trustee from time to time in the manner provided by law. The successor Trustee shall be vested with all powers of the original Trustee. The Trustee is not obligated to notify any party hereto of a pending sale under any other deed of trust or of any action or proceeding in which Trustor, Trustee or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

12. **Savings clause.** If a law, which applies to this Deed of Trust or the Credit Agreement and which sets maximum loan charges, is finally interpreted by a court having jurisdiction so that the interest or other loan charges collected or to be collected in connection with this Deed of Trust or the Credit Agreement exceed the permitted limits to be contracted for, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit to be contracted for; and (ii) any sums already collected from Trustor which exceeded permitted limits to be contracted for will be refunded to Trustor. Beneficiary may choose to make this refund by reducing the principal owed or by making a direct payment. If a refund reduces the principal, the reduction will be treated as a partial prepayment.

13. **Miscellaneous.** This Deed of Trust shall benefit and obligate the heirs, devisees, legatees, administrators, executors, successors, and assigns of the parties hereto. The term "Beneficiary" shall mean the holder and owner of the Credit Agreement secured by this Deed of Trust, whether or not that person is named as Beneficiary herein. The words used in this Deed of Trust referring to one person shall be read to refer to more than one person if two or more have signed this Deed of Trust or become responsible for doing the things this Deed of Trust requires. This Deed of Trust shall be governed by and construed in accordance with federal law and, to the extent federal law does not apply, the laws of the state of Arizona. If any provision of this Deed of Trust is determined to be invalid under law, the remaining provisions of this Deed of Trust shall nonetheless remain in full force and effect.

14. **Beneficiary and Similar Statements.** Beneficiary may collect a fee in the maximum amount allowed by law, for furnishing any beneficiary statement, payoff demand statement or similar statement, unless prohibited by applicable law.

15. **Riders.** If one or more riders are executed by Grantor and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and

3329787
Page: 4 of 6
M

Case 3:13-bk-16930-DPC   Doc 168-2   Filed 06/03/16   Entered 06/03/16 15:01:07
Desc Exhibit B DOT   Page 4 of 6

shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Condominium Rider  ☐ Other: _____
(specify)

☐ Planned Unit Development Rider

By signing below, Trustor accepts and agrees to the provisions of this Deed of Trust and any rider(s) executed by Trustor concurrently therewith.

DATED at _1807 W. Univ. Hts. Drive S._, _Flagstaff, AZ 86001_ this _10th_ day of _June_, _2005_.

TRUSTOR(S):

_____  _____
CHRISTIAN ERIC DOWNUM              DENISE ELAINE SHAY DOWNUM

4836 (10/28/04) W6.1                    BANK                          Page 5 of 6



Case 3:13-bk-16930-DPC    Doc 168-2    Filed 06/03/16    Entered 06/03/16 15:01:07
Desc Exhibit B DOT    Page 5 of 6

STATE OF ARIZONA )
COUNTY OF COCONINO ) ss.
)

The foregoing instrument was acknowledged before me this 10th day of June, 2005, by
CHRISTIAN ERIC DOWNUM _____ and
DENISE ELAINE SHAY DOWNUM _____ and
_____ and
_____ and
_____ and
_____ and
_____ and

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

*Beba Jozic-Sholdes* (signature)

OFFICIAL SEAL
BEBA JOZIC-SHOLDES
NOTARY PUBLIC · STATE OF ARIZONA
COCONINO COUNTY
My commission expires Nov 11 2008.

## REQUEST FOR FULL RECONVEYANCE
Do not record. To be used only when Grantor's
indebtedness has been repaid and Credit Agreement cancelled.

TO: TRUSTEE _____

The undersigned is Beneficiary of the within Deed of Trust, and the legal owner and holder of the Home Equity Line of Credit Agreement secured thereby. Said Deed of Trust is hereby surrendered to you for reconveyance and you are requested, upon payment of all sums owing to you, to reconvey, without warranty, to the person(s) entitled thereto, the right, title and interest now held by you thereunder.

DATED _____

By _____

Its _____

4836 (10/28/04) W6.1                     BANK                     Page 6 of 6

3329787
Page: 6 of 6
M
Case 3:13-bk-16930-DPC    Doc 168-2    Filed 06/03/16    Entered 06/03/16 15:01:07
Desc Exhibit B DOT    Page 6 of 6